**Sukhjinder SANDHER, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**Docket No. 06–4262 AG.**

United States Court of Appeals, Second Circuit.

Submitted: Feb. 28, 2007.

Decided: March 15, 2007.

---

Sukhjinder Sandher, Queens Village, NY, pro se.

Janice K. Redfern, Office of Immigration Litigation, Civil Division (Peter D. Keisler, Assistant Attorney General, Civil Division, James E. Grimes, Senior Litigation Counsel, on the brief), United States Department of Justice, Washington, D.C., for respondent.

Before LEVAL and SOTOMAYOR, Circuit Judges, and AMON, District Judge.*

PER CURIAM.

This petition for a writ of habeas corpus, which challenges petitioner Sukhjinder Sandher's criminal conviction, was transferred to this Court by the United States District Court for the Eastern District of New York (Block, J.) pursuant to the REAL ID Act of 2005, Pub.L. No. 109–13, Div. B, § 106, 119 Stat. 231, 310 (the "REAL ID Act" or "Act").[1] We hold that section 106 of the REAL ID Act does not apply to habeas petitions challenging an alien's criminal conviction, and accordingly dismiss the petition for lack of jurisdiction and transfer the case back to the district court for further proceedings.

On March 4, 1999, Sandher, a native of India who had obtained lawful permanent resident status in the United States, was convicted in the Supreme Court, Queens County, State of New York, of conspiracy to commit murder in violation of New York

---

* The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

1. Section 106(a)(1)(B) of the REAL ID Act provides that "a petition for review filed with an appropriate court of appeals ... shall be the sole and exclusive means for judicial review of an order of removal." Section 106(c) further provides that "[i]f an alien's case ... challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case ... to the court of appeals for the circuit in which a petition for review could have been properly filed."

State Penal Law section 105.15. Sandher was sentenced to between twenty-eight and eighty-four months imprisonment for this offense, and served fifty-two months. After his release, the Department of Homeland Security ("DHS") issued Sandher a Notice to Appear, charging him with various grounds of removability.

On May 24, 2004, prior to Sandher's removal hearing, he filed *pro se* the present petition for a writ of habeas corpus in the Eastern District of New York (the "2004 petition"). On June 25, 2004, with assistance of counsel, Sandher filed an "amended complaint" alleging specific challenges to his criminal conviction, and on October 19, 2005, he filed a "second amended complaint," again challenging his criminal conviction. While Sandher's habeas petition was pending, removal proceedings were commenced against him. On April 25, 2005, Immigration Judge ("IJ") Gabriel C. Videla ordered Sandher removed from the United States to India based on the criminal conviction. Sandher appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which dismissed his appeal on July 24, 2006. On August 23, 2006, Sandher filed a second petition for a writ of habeas corpus in the Eastern District of New York (the "2006 petition"), challenging his final order of removal. That same day, the district court (Irizarry, J.) transferred the 2006 habeas petition to this Court pursuant to section 106(b) of the REAL ID Act; that petition is now pending before this Court under docket number 06–4008–ag. On September 13, 2006, Judge Block transferred the 2004 petition to this Court pursuant to the REAL ID Act. We now dismiss the 2004 petition for lack of jurisdiction and trans-

fer the case back to the district court for further proceedings.

█ The REAL ID Act divests district courts of habeas jurisdiction to review final administrative orders of removal, granting exclusive jurisdiction to review such orders in the courts of appeals. *See* REAL ID Act § 106(a)(1)(B) (codified at 8 U.S.C. § 1252(a)(5)). The Act further provides that district courts shall transfer any such petition pending on the date of the Act's enactment to the appropriate courts of appeals. *Id.* § 106(c).

█ Here, the petition before us—the 2004 petition—challenges only Sandher's conviction, not a final administrative adjudication by the IJ or BIA.[2] In fact, at the time Sandher filed the 2004 petition, the immigration court had not entered a removal order, and his second amended complaint, filed after the IJ's decision, does not add a challenge to that order. Consequently, the district court retained jurisdiction over the petition, and the court's transfer to this Court under the REAL ID Act was improper. We therefore direct the Clerk of the Court to dismiss this petition for a writ of habeas corpus for lack of jurisdiction and transfer this case back to the district court for further proceedings.

---

**2.** The 2006 petition, by contrast, challenges a final removal order, and we therefore retain jurisdiction over it.